**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| MANUEL ZUNIGA, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-09-CA-764-SS |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Brief in support thereof (Document 2); Respondent's Answer (Document 10); and Petitioner's response thereto (Document 11). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

A.  **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas in cause number D-1-DC-08-907494. Petitioner was indicted, pleaded guilty to, and received a two-year sentence for, assault of a family member with bodily injury, enhanced by a prior conviction for the same offense. Petitioner's two-year sentence was to be served concurrently with two, prior 450-day sentences he was serving for state jail felonies for possession of cocaine and attempted assault on a public servant.

Petitioner does not challenge his holding conviction. Rather he claims the Board improperly denied him release to mandatory supervision and divested him of a vested property interest. Petitioner complains the reasons used to deny his release are arbitrary and capricious, and he was denied due process. Petitioner argues there must be "some evidence" to support the Board's decision to deny mandatory supervision.

Respondent asserts Petitioner was given notice of his mandatory supervision review on March 27, 2009. The review was to occur within thirty days of July 25, 2009, his potential release date. The notice also indicted, if Petitioner wanted to present evidence to the panel, he was to do so by June 10, 2009. On July 9, 2009, the Board denied mandatory release to Petitioner, citing reason

9D1, 9D2, and 1D as justification for its determination.[1] Petitioner received notice of the Board's decision on or about July 9, 2009.

Petitioner challenged the denial in a state application for habeas corpus relief. Petitioner's application was filed on August 19, 2009. The state application was denied without written order by the Texas Court of Criminal Appeals on September 30, 2009. Ex parte Zuniga, Appl. No. 72,658-01.

B.     **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

A.     **The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an

---

[1] Reason 9D1 states, "[t]he record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation." Reason 9D2 states, "[t]he record indicates that the inmate's release would endanger the public." Reason 1D provides, "[t]he record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts upon release; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or adult arrest for felony or misdemeanor offenses." Ex parte Zuniga, Appl. No. 72,658-01 at 36.

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

4

**B.      Mandatory Supervision**

Texas law currently provides for a conditional release called mandatory supervision as follows:

> Except as provided by Section 508.149, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced.

TEX. GOV'T CODE § 508.147. The exception cited in the mandatory supervision statute provides in pertinent part:

> An inmate may not be released to mandatory supervision if a parole panel determines that:
>
> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> (2) the inmate's release would endanger the public.

Id. § 508.149(b). This exception was added to the mandatory supervision scheme by the Texas legislature, effective September 1, 1996.

Recently, the Fifth Circuit held that Texas' post-September 1, 1996 mandatory supervision scheme creates a constitutional expectancy of early release. Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007). Because of this, Petitioner is entitled to due process protection.

The Texas Court of Criminal Appeals has also held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. Ex parte Geiken, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be

heard, i.e., an opportunity to tender or have tendered to the Board information in support of release. Id. at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. Id. at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. Ex parte Ratzlaff, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

Petitioner does not complain that he was denied timely notice of the hearing or a meaningful opportunity to be heard. Rather, Petitioner maintains his potential for rehabilitation has nothing to do with the good conduct credit system, legislative history supports his release, and the Parole Board failed to take into consideration Petitioner's good time and work time.

In rejecting Petitioner's claims, the state habeas court made the following findings and conclusions:

> Applicant is still serving his sentence for his state jail felony conviction, so would not be released from confinement even if he were eligible for mandatory supervision in this case.

Ex parte Zuniga, Appl. No. 72,658-01 at 40. This finding is due a presumption of correctness absent a showing it is contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to prove that the state court's determination of the claims presented was contrary to or involved an unreasonable application of clearly established federal law. As explained by Respondent, Petitioner was serving two state jail sentences when he was reviewed for mandatory supervision. Because Petitioner is required to serve state jail sentences day-for-day, he would not have been eligible for release on his current holding conviction.

6

Moreover, the record reflects Petitioner received and signed advance written notice that he was being reviewed for release, and that notice informed him how to submit additional material for review. See Respondent's Exhibit B. The record also reflects Petitioner was notified that the Board denied his release to mandatory supervision, indicating Petitioner's accrued good time was not an accurate reflection of his potential for rehabilitation and that his release would endanger the public. Ex parte Zuniga, Appl. No. 72,658-01 at 36. The Board also indicated in its denial that Petitioner would be reviewed again in July 2010. Id. In denying mandatory supervision, the Board did not forfeit any of Petitioner's accrued good or work time credit. Further, the decision was within the Board's authority, and the reasons cited are neither arbitrary or capricious in light of Petitioner's criminal history. Accordingly, it appears Petitioner was afforded all the process he was due. See LaChance v. Erickson, 522 U.S. 262, 266, 118 S. Ct. 753, 756 (1998) (due process requires notice and meaningful opportunity to be heard); Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 2108 (1979) (opportunity to be heard and providing inmate with reasons for denying release sufficient to satisfy due process). Petitioner has not demonstrated that the Board's decision or the state court's rejection of his claims are contrary to clearly established federal law or are otherwise unreasonable. 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to habeas corpus relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of January, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE